ETTA LEE ARMSTRONG v. STATE.

No. A-8027.  Opinion Filed June 19, 1931.
(300 Pac. 1002.)

George Allen and Joe Adwon, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of selling one-half pint of whisky, and was sentenced to pay a fine of $50 and to be imprisoned in the county jail for 30 days, and has appealed to this court.

The testimony on behalf of the state, in substance, tends to show that the officers gave a man by the name of Arnold a marked $5 bill and sent him to the house where the defendant, her husband and children lived to buy whisky; that in a few minutes thereafter a son of the defendant came out and went to the drug store to get a $5 bill changed, and the deputy sheriff caught him and took the money away from him, and claims it was the $5 they had marked and given to Arnold to buy the whisky; the man Arnold, who was sent to the house to buy the whisky, was not called as a witness. No one seemed to know where Arnold was at the time of the trial.

The defendant, testifying in her own behalf, admitted that Arnold came to the house and wanted to buy whisky; that she had some whisky in the house for her husband, who was sick, and she let him have a half pint of it; that he offered her money and she would not take it, and Arnold gave the money to the boy and he went out to get change.

The defendant has assigned several errors alleged to have been committed by the trial court, and the record has

been carefully examined. Courts do not look with favor upon officers who go out and give money to men to go to the different homes of citizens of the country to try to induce them to violate the law. But in this case the question of the guilt or innocence of the defendant turns largely upon her own testimony and circumstantial testimony contained in the record. Arnold got the whisky. The boy went out with $5 from the defendant's home to get change. The defendant denies she took any money for the half pint of whisky. This brought about a conflict in the evidence, which was settled by the jury adversely to the defendant. There are no errors in the record of sufficient merit to warrant a reversal.

The judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.